UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| SACO TECHNOLOGIES INC., a foreign corporation, | ) Civil Action No. 17-cv-13521 ) |
| Plaintiff, | ) ) Honorable ) |
| v. | ) Magistrate Judge ) |
| ESKI INC. d/b/a PIXMOB, a foreign corporation, | ) ) ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff Saco Technologies Inc. ("Plaintiff" or "Saco"), by and through its undersigned counsel, alleges the following for its Complaint against Defendant Eski Inc. d/b/a PixMob ("Eski," "PixMob," "Defendant"):

## PARTIES

1. Plaintiff Saco Technologies Inc. is a foreign corporation organized under the laws of Canada with an office located at 7809 Transcanada Highway, Montreal, Quebec, QC H4S 1L3 Canada.

2. On information and belief, Defendant Eski Inc. d/b/a PixMob is a foreign corporation organized under the laws of Canada with an office located at 103 Rue de Louvain West, Montreal, Quebec, QC H2N 1A3 Canada.

3. Defendant Eski Inc. does business under the name PixMob.

## JURISDICTION AND VENUE

4. Count I of this action is for patent infringement and arises under the Patent Laws of the United States Code, 35 U.S.C. §1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has jurisdiction over PixMob by virtue of the activities PixMob conducts within the State of Michigan. PixMob manufactures, uses, offers to sell or sell its infringing products within the state of Michigan. PixMob conducts continuous and systematic parts of its business within Michigan.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (c) and 1400(b).

## THE ASSERTED PATENT

7. On January 14, 2014, the United States Patent and Trademark Office ("USPTO"), after full and fair examination, duly and legally issued U.S. Patent No. 8,628,198 ("the '198 patent") entitled "Lighting Techniques for Wirelessly Controlling Lighting Elements." Saco holds all right, title, and interest in the '198 patent with full rights to enforce the '198 patent and sue and recover for past, present, and future infringement. A true and correct copy of the '198 patent is attached as Exhibit A.

8. The '198 patent is also referred to as "the Asserted Patent" or "the patent-in-suit."

9. Generally, the subject matter of the '198 patent relates to a wireless lighting technology that controls lighting elements which may be wearable devices. One use of the lighting technology may be in in crowd gatherings for events such as sporting events, concerts, rallies or the like. The technology of the '198 patent allows a wearer of the lighting element to become a "pixel" within "display" that can be projected onto the crowd wearing the lighting elements.

## PIXMOB'S ACCUSED SYSTEM

10. PixMob makes, uses, sells, offers for sale or imports into the United States Systems that control wearable LED devices.

11. PixMob makes, uses, sells, offers for sale or imports into the United States transmitters used in its systems under the names PixMob VT, Pro-Reactor and Pro-Node. Such transmitters include light sources used to provide a control signal.

12. PixMob also makes, uses, sells, offers for sale or imports into the United States several different types of moveable optical receivers, such as wristbands and pendants. Each of these moveable optical receivers includes a lighting element connected thereto and is configured to receive a portion of the control signal. The lighting element selectively illuminates in response to the control signal.

13. PixMob's system infringes one or more claims of the '198 patent, either literally or under the doctrine of equivalents. PixMob's use, sale, offer for sale and/or importation of the system into the United States of these infringing systems has damaged and will continue to damage Saco, causing irreparable harm, for which there is no adequate remedy at law, unless PixMob's wrongful acts are enjoined by this Court.

## COUNT I
## Infringement of United States Patent No. 8,628,198 B2

14. Saco realleges and incorporates by reference every allegation contained in paragraphs of 1-12 of this Complaint.

15. PixMob has infringed, is infringing, and is threatening to infringe the '198 patent by making, using, offering to sell, and selling, or importing into the United States wireless lighting technology that controls wearable LED devices embodying the patented device in violation of 35 U.S.C. § 271(a); such devices include, but are not limited to, PixMob's line of products as shown in PixMob's internet advertising at, *inter alia*, https://pixmob.com/en/products/ and PixMob's Pro-Reactor, Pro-Node and PixMob VT products ("the Accused Products").

16. Each and every limitation of each of at least claim 8 of the '198 patent is found in each of the Accused Products and/or are practiced by PixMob.

17. For example, with respect to claim 8, the Accused Products are a reactive module system to receive, interpret, and implement a two-dimensional control signal, the reactive module system as set forth in detail below.

18. The Accused Products comprise a plurality of separate light sources configured in a two-dimensional array and to form a two-dimensional optical control signal including a two-dimensional array of separate pixels as shown.



19. The Accused Products further comprise a plurality of moveable optical receivers configured to receive a portion of the two-dimensional optical control signal and produce a detected control signal, wherein each optical receiver is configured to receive a separate pixel of the two-dimensional optical control signal as shown.





20. The Accused Products further comprise a plurality of lighting elements, each connected to a respective one of the optical receivers as shown (within red ovals).





21. The Accused Products further comprise a plurality of computing units, each connected to a respective optical receiver and lighting element, wherein the computing unit is configured to convert the detected control signal into a respective instruction for control of the lighting element as shown (within the red oval).



22. PixMob has also indirectly infringed the '198 patent in violation of 35 U.S.C. § 271(c) by offering to sell, or selling within the United States or importuning into the United States one or more component of the patented combination, such as those components shown above, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent.

23. Such components are not staple articles or commodities of commerce suitable for substantial noninfringing use.

24. Customers and end users of PixMob's components directly infringe at least claim 8 of the '198 patent.

25. On October 27, 2017 Saco sent PixMob a letter notifying PixMob of their infringement of the '198 patent. Since at least that time, PixMob has had knowledge of their infringement of the '198 patent. Despite such knowledge of the '198 patent, PixMob has continued to infringe the '198 patent.

26. As a result of PixMob's conduct, Saco has been seriously and irreparably damaged.

27. PixMob's infringement of the '198 patent is willful and deliberate.

28. Unless enjoined by this Court, PixMob will continue its infringement of the '198 patent and Saco will continue to be seriously and irreparably injured.

29. The allegations in the preceding paragraphs have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Saco does not yet have the benefit of any discovery from PixMob.

30. The Court has not construed the meaning of any claims or terms in the Asserted Patent. In providing these detailed allegations, Saco does not intend to convey or imply any particular claim constructions or the precise scope of the claims. Plaintiff's specific infringement assertion will be provided in compliance with the case schedule and any applicable orders of the Court.

31. Saco further contends that each element of each claim of the '198 Patent is literally present in PixMob's Accused Products. If the Court's constructions or other determinations indicate that an element of an asserted claim is not literally present, Saco contends that each such element is present under the doctrine of equivalents. If necessary, Saco will provide more detailed doctrine of equivalents contentions after discovery from PixMob or a claim construction order by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Saco prays that this Court:

A. Enter judgment that Defendant has infringed United States Patent No. 8,628,198 B2;

B. Enter a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, and employees, and each of them and anyone acting in concert with them, from infringing United States Patent No. 8,628,198 B2;

C. Order Defendant to pay all damages sustained by Saco resulting from Defendant's infringement of United States Patent No. 8,628,198 B2 and to compensate Saco for such infringement, but in no event less than a reasonably royalty in accordance with 35 U.S.C. § 284, together with prejudgment and post-judgment interest thereon;

D. Find this case exceptional;

- 11 -

      E.      Increase the damage amount up to three times the amount found or assessed against Defendant in accordance with 35 U.S.C. § 284;

      F.      Order Defendant to pay Saco's costs, expenses and attorneys' fees in accordance with 35 U.S.C. § 285; and

      G.      Award other and further relief that this Court deems just and proper.

Respectfully submitted,

Dated: October 30, 2017        By: /s/ Richard W. Hoffmann
RICHARD W. HOFFMANN (MI P42352)
MICHAEL J. DRUZINSKI (MI P72711)
COREY M. BEAUBIEN (MI P70049)
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone:  248.689.3500
Facsimile:   248.689.4071
E-mail:  hoffmann@reising.com
        druzinski@reising.com
        beaubien@reising.com

*Attorneys for Plaintiff Saco Technologies, Inc.*

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 30, 2017        By: /s/ Richard W. Hoffmann
RICHARD W. HOFFMANN (MI P42352)
MICHAEL J. DRUZINSKI (MI P72711)
COREY M. BEAUBIEN (MI P70049)
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone:  248.689.3500
Facsimile:   248.689.4071
E-mail:  hoffmann@reising.com
        druzinski@reising.com
        beaubien@reising.com

*Attorneys for Plaintiff Saco Technologies, Inc.*